UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TOMMIE A. BENTON**<br>　　**LA. DOC #120811**<br>VS. | **CIVIL ACTION NO.  3:10-cv-0037**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN, ALLEN CORRECTIONAL**<br>**CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Tommie A. Benton filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 7, 2010.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Allen Correctional Center, Kinder, Louisiana. Petitioner attacks his 1996 conviction for possession of stolen property in the Fourth Judicial District Court, Ouachita Parish under Docket Numb er 96-F-0120-G. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Background*

On January 30, 1996, petitioner was charged with illegal possession of stolen property having a value of over $1,000 in a case filed in the Fourth Judicial District Court under Docket Number 96-F-0120-G.  The offense was alleged to have occurred on January 5, 1996. [Doc. 1-2, Exhibit B-1, p. 60] On March 7, 1996, petitioner pled guilty to the charge and, in accordance with a previously negotiated plea agreement, he was sentenced to serve 1-year at hard labor with credit for time served. [Doc. 1-2, Exhibit B-2, pp. 52-59] Petitioner did not appeal his conviction

and sentence. [Doc. 1, ¶8][1]

He apparently served that sentence, because on October 10, 2004, he was arrested by the Monroe Police Department after he was caught exiting a construction site that had been equipped with a thermal-sensing alarm. He was charged with simple burglary in a case bearing Docket Number 04-F2402 in the Fourth Judicial District Court. He was found guilty as charged and then, on some unspecified date he was adjudicated a second felony offender pursuant to La. R.S.15:529.1 and sentenced to serve six years at hard labor. The 1996 conviction for felony grade possession of stolen things provided the predicate felony to establish his status as a second offender. His appeal of the burglary conviction proved unsuccessful. See *State of Louisiana v. Tommie A. Benton*, 42, 121 (La. App. 2 Cir. 6/20/2007), 960 So.2d 1192, 1194-95. His application for writs seeking further review of the burglary conviction was denied by the Louisiana Supreme Court on October 30, 2009. *State of Louisiana ex rel. Tommie A. Benton v. State of Louisiana*, 2009-0226 (La. 10/30/2009), 21 So.3d 278.

On March 23, 2009, he filed a Motion to Vacate and Set Aside an Illegal Sentence in the Fourth Judicial District Court. In this motion petitioner attacked the 1996 possession of stolen property conviction under Docket Number 96-F-0120-G. [Doc. 1-2, Exhibit B-3, pp. 40-51] The District Court denied relief on June 10, 2009. [Doc. 1-2, Exhibit B-4, p. 39] Petitioner then sought review in the Second Circuit Court of Appeals and in the Louisiana Supreme Court. [Doc. 1-2, Exhibits B5, B6, and B-7, pp. 3-38] On November 20, 2009 the Supreme Court, citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189; *State v.*

---

[1] Indeed, under Louisiana law, as was made clear at the time of his plea, petitioner could not appeal his guilty plea since the plea waived all non-jurisdictional defects. See *State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could he have appealed the sentence since it was imposed in conformity with a plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

*Parker*, 98-0256 (La.5/8/98), 711 So.2d 694,[2] denied writs. [Doc. 1-2, p. 2, Exhibit B-8; see also *State of Louisiana ex rel. Tommie A. Benton v. State of Louisiana*, 2009-1963 (La. 11/20/2009), — So. 2d —, 2009 WL 5661579.]

### *Law and Analysis*

#### *1. Subject Matter Jurisdiction*

Based on the pleadings, exhibits, and published jurisprudence, it appears that the Court does not have subject matter jurisdiction over petitioner's *habeas* claims. This is so because 28 U.S.C. § 2254 authorizes the district court to "... entertain an application for a writ of *habeas corpus* in behalf of a person <u>in custody</u> pursuant to the judgment of a State court only on the ground that he is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner was sentenced to serve 1-year in custody on March 7, 1996, and he was given credit for the time he spent in custody prior to his conviction. Clearly, that sentence has long ago expired. Generally, a *habeas* petitioner whose sentence has expired is no longer "in custody" for purposes of Section 2254. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Pleasant v. State of Texas*, 134 F.3d 1256, 1258 (5th Cir.1998). However, if the attacked conviction was used to enhance a subsequent sentence, the prisoner may, in some circumstances, <u>challenge the new sentence</u>. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405,

---

[2] Art. 930.8 provides a two year period of limitations for filing applications for post-conviction relief.

In *Parker*, the Louisiana Supreme Court held that an inmate's motion to correct illegal sentence raising trial error should be construed as an application for post-conviction relief subject to the limitations period defined by art. 930.8 and not the open ended limitations period for filing a motion to correct illegal sentence pursuant to La. C.Cr.P. art. 882.

In *Glover*, the Supreme Court determined that the Louisiana appellate courts were not precluded from denying relief based on the art. 930.8 time bar even if the lower court addressed the merits of the applicant's claims.

121 S.Ct. 1567, 149 L.Ed.2d 608 (2001).³  In *Coss*, the *habeas corpus* petitioner had been convicted of various criminal offenses in 1986.  In 1990, after petitioner had completed the sentences imposed for the 1986 convictions, petitioner was convicted of aggravated assault. The trial court imposed an enhanced sentence based on petitioner's extensive criminal record, including the 1986 convictions. The petitioner filed a petition for writ of *habeas corpus* in federal court attacking the 1986 convictions on grounds that his trial counsel was ineffective. The United States District Court held that it could exercise *habeas* jurisdiction because the 1986 convictions were relied upon by the trial court when it imposed an enhanced sentence. Nevertheless, the District Court declined to grant relief by finding that petitioner had not established that his trial counsel was ineffective. The Third Circuit Court of Appeals agreed with the trial court on the jurisdictional issue but reversed on the merits. The District Attorney applied for *certiorari* seeking review of the jurisdictional issue.

The United States Supreme Court reversed and held that <u>once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the conviction may be regarded as conclusively valid</u>. *Coss*, 532 U.S. at 403-04, 121 S.Ct. at 1574 (emphasis supplied)

In this case, it appears that petitioner's 1-year sentence for possession of stolen property long ago expired.  While that conviction was apparently used to enhance the sentence following petitioner's subsequent simple burglary conviction, it appears that the prior conviction is no

---

³ Here, petitioner does not attack any subsequent sentence; instead, he attacks the 1996 felony conviction. However, even if his pleading were afforded a liberal reading, an attack on the enhanced sentence based upon the 1996 sentence would be subject to dismissal.

longer open to either direct or collateral attack.  As noted by the Supreme Court,

> Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. Specifically, each State has created mechanisms for both direct appeal and state post-conviction review [citation omitted] even though there is no constitutional mandate that they do so [citations omitted]. Moreover, §2254 makes federal courts available to review state criminal proceedings for compliance with federal constitutional mandates ...
>
> Accordingly ... we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid [citation omitted]. If that conviction is used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss,* 532 U.S. at 402-406, 121 S.Ct. 1573-75.

In other words, once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available the conviction may be regarded as conclusively valid and if that prior conviction is later used to enhance a criminal sentence, the defendant may not challenge either the original conviction or the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404-05, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (internal citation omitted); see also *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (holding that, under 28 U.S.C. § 2255, a petitioner may not challenge a prior conviction used to enhance a federal sentence if the prior conviction "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)").

The Court has recognized only two narrow exceptions to this general rule: (1)  when there

5

was a failure to appoint counsel in the prior proceeding (a violation of the Sixth Amendment right to counsel pursuant to *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)); and (2) when a defendant cannot "be faulted for failing to obtain timely review of a constitutional claim." *Coss*, 532 U.S. at 405, 121 S.Ct. 1567. Nothing of record suggests that either exception is applicable here. Petitioner was represented by counsel when he entered his guilty plea on March 7, 1996 [Doc. 1-2, Exhibit B-2, pp. 52-59] and, notwithstanding his waiver of the right to appeal [*id.*, at p. 56], he was specifically advised of his right to seek post-conviction relief [*id.*, p. 58], a right he chose not to exercise. As to the latter exception, the Supreme Court has indicated that it may apply when "a state court [has], without justification, refused to rule on a constitutional claim that has been properly presented to it" and when, "after the time for direct or collateral review has expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Coss*, 532 U.S. at 405, 121 S.Ct. 1567. However, neither circumstance is present here.

      Petitioner must surely have served the 1-year sentence imposed on March 7, 1996, and even though that conviction was subsequently used to enhance the sentence imposed following his simple burglary conviction, it must now be regarded as conclusively valid. In short, the petition must be dismissed since petitioner is no longer "in custody" as a result of the 1996 conviction and this court lacks subject matter jurisdiction to entertain his claims.

***2. Time Bar***

      Nevertheless, even if this court could exercise jurisdiction, petitioner's *habeas* claims would be subject to dismissal as time-barred by the provisions of 28 U.S.C. §2244(d). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for

the filing of applications for writ of *habeas corpus* by persons who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As previously noted, petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], when the delays for seeking an appeal lapsed, on or about March 15, 1996.[5] The AEDPA, and the timeliness provision codified at § 2241(d), took effect a little over a month later, on April 24, 1996. The limitation periods

---

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

[5] At the time of petitioner's conviction, La. C.Cr.P. art. 914 provided a five day period (excluding holidays) after rendition of judgment within which to file a motion for appeal. (The article was amended by Acts 2003, No. 949, §1 and now provides a 30 day period of limitation.) Further, La. C.Cr.P. art. 13 provides that legal holidays are excluded from the computation of time limits less than 7 days.

provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. Petitioner did not file his *habeas* petition within the grace period and therefore it is clearly untimely.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because by his own admission he did not file his collateral attack in the state courts until March 6, 2009, and by that time the 1-year AEDPA limitations period had already long expired. Neither that filing, nor any of his subsequent filings in the Second Circuit Court of Appeals or the Louisiana Supreme Court could toll the limitations period since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired. As stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

*3. Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it

presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *4. Conclusion and Recommendation*

Petitioner is no longer "in custody" with regard to the 1996 conviction for possession of stolen property and therefore the Court lacks subject matter jurisdiction over his writ of habeas corpus. Further, even if petitioner were "in custody" with respect to that charge, his claim must be dismissed as time-barred by the provisions of 28 U.S.C. §2244(d).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner is no longer "in custody" with respect to the conviction attacked and therefore this court lacks subject matter jurisdiction to consider his

claims and, alternatively because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 19, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE